

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| In re:  EDWARD NEGRETE, Jr., | No. 14-60056 |
| Debtor. | BAP No. 13-1557 |
| _____ | |
| EDWARD NEGRETE, Jr., | MEMORANDUM* |
| Appellant, | |
| v. | |
| CITIZENS STATE BANK, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kirscher, and Taylor, Bankruptcy Judges, Presiding

Submitted September 27, 2016 **

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 7 debtor Edward Negrete, Jr. appeals pro se from a judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's orders denying his motion for contempt and his motion for reconsideration under Fed. R. Civ. P. 59(e). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion in denying Negrete's motion for contempt because Negrete failed to demonstrate that Citizens State Bank violated a court order. *See In re Icenhower*, 755 F.3d 1130, 1139 (9th Cir. 2014) ("A party may be held in civil contempt only if it violated a specific and definite order of the court" (citations and internal quotation marks omitted)).

The bankruptcy court did not abuse its discretion in denying Negrete's motion under Rule 59(e) because Negrete failed to demonstrate any basis for relief. *See* Fed. R. Bankr. P. 9023 (making Fed. R. Civ. P. 59 applicable to bankruptcy cases); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (discussing factors for granting a motion for reconsideration under Fed. R. Civ. P. 59(e)).

**AFFIRMED.**